**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DWAYNE JAY NORTON,

      Petitioner,

v.                                                            Case No.: 8:26-cv-504-JLB-NHA

JUDGE LAURA WARD, In the
Circuit Court of the 13th Judicial
Court for County of Hillsborough,

      Respondent.

                                    /

## ORDER

Petitioner moves (Doc. 7) for reconsideration of the order (Doc. 5) denying his Petition for Writ of Mandamus and moves (Doc. 8) for recusal of the undersigned.

I. Motion for reconsideration (Doc. 7)

The Court construes Petitioner's motion as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (alteration in original); *see Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993) ("The Court's reconsideration of a prior

1

order is an extraordinary remedy.  Exercise of this power must of necessity be used sparingly.").  Petitioner presents neither.

Petitioner argues that the Court had jurisdiction over his case.  But federal district courts lack jurisdiction to issue a writ of mandamus against a state actor or agency.  *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).  Therefore, his motion for reconsideration warrants no relief.

II. Motion for recusal (Doc. 8)

A district judge should recuse himself if his impartiality might reasonably be questioned.  *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523 (11th Cir. 1988).  "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Id.* at 1524.  Petitioner generally argues that the undersigned must be biased against him based on the decision to dismiss his action.  However, "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."  *Byrne v. Nezhat*, 261 F.3d 1075, 1102–03 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QURE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).  Petitioner offers no evidence of any personal or extrajudicial bias or impartiality on the part of the undersigned that would

make fair judgment impossible.  Recusal is neither necessary nor appropriate.  Thus, the motion for recusal will be denied.

Accordingly, it is ORDERED that:

1. Petitioner's Rule 59(e) motion (Doc. 7) is **DENIED**.

2. Petitioner's motion for recusal (Doc. 8) is **DENIED**.

DONE and ORDERED in Tampa, Florida, on April 6, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3